## JOHN HINTON v. THE STATE.

### No. 1490.   Decided January 10, 1912.

### Rehearing granted February 21, 1912.

**1.—Assault to Murder—Recognizance—Practice on Appeal.**

Where the appeal is dismissed for want of a sufficient recognizance in describing the offense of which defendant was convicted as aggravated assault, but the appellant thereafter filed a sufficient recognizance in accordance with the rules of this court, the same was 'reinstated.   Following Burton v. State, 48 Texas Crim. Rep., 544, 90 S. W. Rep., 498.

**2.—Same—Continuance—Practice on Appeal.**

Where no bill of exceptions was reserved to the action of the court in overruling a motion for continuance, there is nothing to review on appeal.

**3.—Same—Charge of Court—Self-Defense—Weight of Evidence.**

Where, upon trial of assault to murder, the court, in his charge on self-defense, referred to the attack by the injured party upon the defendant as a supposed attack, the same was on the weight of the evidence and reversible error.

**4.—Same—Argument of Counsel—Personal Belief of Counsel.**

An argument of State's counsel to the jury to the effect that if he did not believe the man was guilty in his heart, he would not prosecute him and that he would tender his resignation if he did not believe defendant was guilty, was highly improper and might present reversible error.

**5.—Same—Evidence—Defendant's Character.**

Upon trial of assault to murder, it was improper for the State's attorney to ask a witness what sort of character the defendant had and whether he was a peaceable and law abiding citizen, the defendant not having put his character in evidence.

**6.—Same—Evidence—Other Transactions—Bill of Exceptions.**

Upon trial of assault to murder, where, to the objection to testimony as to another difficulty having no connection with the case on trial, the court approved the bill disputing its recitals, but qualifies the same by stating that this testimony was introduced, the same was contradictory and did not qualify or explain the bill; besides, the testimony was not admissible, unless it showed malice, etc.

Appeal from the District Court of Austin.   Tried below before the Hon. John T. Duncan, Special Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and six months confinement in the county jail.

*Mathis & Teague* and *Johnson, Matthaei & Thompson*, for appellant. —On question of admitting testimony of other offense:  Fore v. State, 5 Texas Crim. App., 251; Williamson v. State, 13 Texas Crim. App., 514; Chumbley v. State, 20 Texas Crim. App., 547; Crass v. State, 30 Texas Crim. Rep., 480; Kessinger v. State, 71 S. W. Rep., 597; 12 Cyc., 405.

On the question of the court's charge on self-defense in using the phrase, "said supposed attack:"   Stuckey v. State, 7 Texas Crim. App., 174; Harrison v. State, 8 Texas Crim. App., 183; Hodde v. State, 1

id., 382; Maddox v. State, 12 Texas Crim. App., 429; Wyers v. State, 22 Texas Crim. App., 258.

On the question of argument of counsel: Thompson v. State, 26 S. W. Rep., 987; Crow v. State, 26 id., 209; Tillery v. State, 24 Texas Crim. App., 251; Pollard v. State, 33 Texas Crim. Rep., 197.

On question of admitting testimony of defendant's character: Felsenthal v. State, 30 Texas Crim. App., 675; Kirk v. State, 35 Texas Crim. Rep., 224; McCullar v. State, 36 Texas Crim. Rep., 213.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Austin County, charged with assault to murder. When tried he was convicted of an aggravated assault.

The Assistant Attorney-General has filed a motion to dismiss this appeal because of the insufficiency of the recognizance. The recognizance merely states defendant has been convicted of the "offense of aggravated assault," and the motion must be sustained. Killingsworth v. State, 7 Texas Crim. App., 28.

The appeal is dismissed.

*Dismissed.*

HARPER, JUDGE.—At a former day of this term this cause was dismissed because of the insufficiency of the recognizance. Appellant has filed a recognizance in accordance with the rules of this court promulgated in the case of Burton v. State, 48 Texas Crim. Rep., 544, 90 S. W. Rep., 498, and the cause is ordered reinstated and we will consider it on its merits. Appellant was convicted of aggravated assault and his punishment assessed at a fine of $500 and imprisonment in jail for six months.

The first ground of the motion refers to the action of the court in overruling his motion for continuance. No bill of exceptions was reserved to the action of the court if he overruled the motion for continuance; consequently we can not consider this matter. Trevino v. State, 38 Texas Crim. Rep., 64, and cases cited in section 645 White's Code of Criminal Procedure.

As a part of the law on self-defense the court instructed the jury: "If you believe from the evidence that at the time of the assault (if any) the injured party was making an attack on the defendant with a plank and if you believe from all the evidence that there reasonably appeared to the defendant at that time that he was in danger of losing his life or was likely to suffer serious bodily harm from said supposed attack, you will acquit the defendant." The appellant complains of this paragraph on the ground that the court's reference to the attack by the injured party upon defendant, (as testified to by appellant) as a "supposed attack" unquestionably conveyed the idea to the minds of the jury that the court did not regard it as a real attack, that it could

mean, and the jury doubtless accepted it as meaning nothing more or less than that while the defendant offered evidence of an attack, the court regarded such evidence as being untrue or doubtful. The court should not have used the words "supposed attack," and we are inclined to think that the criticism of appellant is justified. Appellant testified that the prosecuting witness accused him of being the father of a bastard child, and he did not resent it, but sat down in the door. That Unseld then secured a board, about two feet long—a 1 x 6, and made a remark about appellant's father, when appellant touched him with his foot. Unseld then raised the board as if to strike, when he cut him with a knife. That he would not have cut him if he had not attempted to strike him with the board. The only eyewitness other than appellant and Unseld, the party, was Mr. Lange, who testified that he and appellant was sitting in the door, when Unseld came to where they were, got a plank, six inches broad and about two feet long, and sat down on it, and commenced hurrahing appellant about a baby that he alleged was appellant's, and which appellant denied. Unseld then made a remark about appellant's father, when appellant kicked him. Unseld then jumped up with the plank raised, when appellant cut him. Unseld dropped the plank, and appellant did not cut him but one time. That appellant and witness hitched up the buggy and carried Unseld to Bellville for treatment.

Unseld denied having a plank; denied making any threatening gesture, and testified that appellant cut him at a time when he was not looking at him.

The court's charge, above quoted, was calculated to lead the jury to believe that in the opinion of the court there was no attack made on defendant, and the witness Unseld had told the truth. Appellant had a right to have the theory of himself and the witness Lange submitted to the jury, and it was error for the court to so word the charge on self-defense as to impress the jury that in the opinion of the court that the defense offered was but a "dream"—a supposed and not a real attack. The issue was squarely drawn between the testimony of the State and defendant, and this was an issue to be passed on by the jury, viewed in the light as it reasonably appeared to appellant at the time.

By another bill it is made to appear that the district attorney in his closing argument used the following language: "If I did not believe a man was guilty in my heart I would not prosecute him, and if I did not believe that defendant was guilty of assault to murder in this case, I would tender my resignation to the Governor of the State of Texas, before I would prosecute him." This alone would not present ground for a reversal, but it has always been held that it is improper for the district attorney to express his personal belief as to the guilt of a defendant and when expressed in such forcible language, it must be intended by the prosecuting officer for his opinion of the evidence and belief in guilt of defendant to have some effect on the jury. A defendant is to be tried under the evidence adduced, and his guilt or

innocence determined by the jury as their belief, and no one else's opinion. Pierson v. State, 18 Texas Crim. App., 524; Habel v. State, 28 Texas Crim. App., 588; Spargler v. State, 42 Texas Crim. Rep., 233, and cases there cited

It appears from the record that while Grabow, a witness for defendant, was on the stand, the State's attorney asked the witness: "What sort of character did defendant have, was he a peaceable, law-abiding citizen?" This was an improper question, the defendant not having put his character in evidence. The court sustained the objection, but added, "the defendant's character should not be inquired into unless the defendant put his character in issue." This was emphasing the fact that the defendant had not put his character in issue. The district attorney must have known that the question was improper, and it is unfair to a defendant to get before the jury in this way, that he had such reputation as a peaceable citizen that he did not dare to put it in issue. The court has condemned such conduct, and while it has been held that when the court promptly sustains the objection, it does not prevent reversible error; in common fairness a prosecuting officer ought not to ask a question tending to prejudice a jury against a man on trial; that he is aware under the rules of law is not permissible.

In another bill the appellant alleges that after the defendant had "introduced in evidence a part of the statement purporting to be the dying declaration of the injured party made before a justice of the peace on the 24th day of December, 1910, defendant introducing only certain parts of said statement relating to what occurred at the time of the difficulty, and as to how he received his wound on that date, and that part of said statement was introduced by the defendant for the purpose of contradicting the witness' statement as now detailed by him; that the district attorney then offered that part of said statement relating to the fact that some time before this difficulty, defendant chopped him in the head with a hoe, and that it took several stitches to sew him up." Appellant objected to the State being permitted to introduce that portion of the statement relating to a previous difficulty which occurred some years before, as it had no connection with the difficulty for which he was being prosecuted, shed no light on the latter transaction, and other grounds. The court in approving the bill disputes its recitals, and says it is approved with the qualification that this statement was introduced by defendant. In Tyson v. State, 14 Texas Crim. App., 388, it is said: "When a bill of exceptions, in the opinion of the judge, does not recite the facts truly, he should refuse to sign it. He should not sign a false statement, and by way of explanation, contradict it. A contradiction of the statement is not an explanation of it." Again, in Jones v. State, 33 Texas Crim. Rep., 7, this court said: "It has always been the practice of the best judges to indorse upon a bill of exceptions the reasons explanatory of the ruling. This has been done not only as a matter of justice to themselves, but it has been found to be of great assistance to the Appellate Court in

enabling it to weigh the objection in all its bearings. But this right to explain does not include the right to contradict the statement in the bill of exceptions. A contradiction is not an explanation. A trial judge should not approve a bill that is not correct." Other cases might be cited, and in some instances the bills thus contradicted have been considered by this court. It has been adopted as a rule of practice that when a party accepts a bill with the explanations of the judge endorsed thereon, the qualification will control the recitals of the bill. (Hardy v. State, 31 Texas Crim. Rep., 289.) But as said in the cases above cited, a direct contradiction does not qualify nor explain, and if the bill is incorrect, it should not be approved, but refused. As the matter is presented we will not pass on the question, for the case will be reversed on account of the error in the charge of the court hereinbefore mentioned, but, as this case will doubtless be tried again, we will say that on another trial, that if defendant offers in evidence only such parts of the statement as relates to the offense for which he is being prosecuted, that the State would not be entitled, for this reason alone, to introduce other parts of the statement referring to a different transaction occurring several years before. If the former difficulty tended to show malice, intent, or throws any light on the difficulty for which defendant is being prosecuted, it would be admissible; otherwise, it would not.

We have carefully reviewed the other matters presented in the motion for new trial, and they present no error under this record.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Prendergast, Judge, absent.