## O. J. BROWN v. THE STATE.

### No. 7099. Decided October 10, 1923.

**1.—Perjury—Indictment.**

Where, upon trial of perjury, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Search and Seizure.**

Upon trial of perjury, testimony of the officer who pursued and searched appellant's car without having a search warrant was admissible.

**3.—Same—Evidence—General Reputation—Rule Stated.**

Witnesses may know the general good reputation of one inquired about by reason of long acquaintenance and familiarity, without having heard any discussion of said reputation.

**4.—Same—Credible Witness—Charge of Court.**

Where there is no attack on the credibility of the State witnesses in a perjury case, it is held not necessary to give a definition of the words "credible witness," but otherwise when there is such attack, and in the instant case the court should have given such definition; that a credible witness is one who, being competent to testify, is worthy of belief. Following Godby v. State, 88 Texas Crim. Rep., 360.

**5.—Same—Amended Statute—Perjury.**

The fact that prior to defendant's trial for perjury the liquor laws had been so amended as that the second count in said indictment did not then sufficiently charge a crime under the amended statute, would not affect his guilt of perjury.

**6.—Same—Credibility of Witness—Former Conviction—Rule Stated.**

Appellant, a witness in his own behalf, may generally be attacked by proof that he has been convicted at a former time for some felony to affect his credibility as a witness; but where objection was raised that the trial inquired about was the one out of which arose this charge of perjury and that such inquiry would of necessity place before the jury now trying him the fact that another jury had refused to accept as true the testimony of appellant, which formed the basis for the instant charge of perjury, the same was reversible error to overrule the same. Following James v. State, 88 Texas Crim. Rep., 656.

**7.—Same—Circumstantial Evidence—Charge of Court.**

Where the case is not one of circumstantial evidence, the court correctly declined to charge on that issue.

**8.—Same—Argument of Counsel—Reversible Error.**

Where State's counsel's argument transgressed the well-known rules forbidding prosecuting attorneys to state facts hurtful to the accused in arguments as being upon their own knowledge, and based on facts not in evidence, same is reversible error.

Appeal from the District Court of Coleman. Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of perjury; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Baker & Weatherred* for appellant. On question of overruling defendant's motion in arrest of judgment, Cook v. State, 236 S. W. Rep., 723.

On question of forcing defendant to testify, Warren v. State, 123 S. W. Rep., 1115.

On question of credible witness. Moses v. State, 47 Texas Crim. Rep., 423; Anderson v. State, 56 id., 365.

On question of argument of counsel, Brown v. State, 242 S. W. Rep., 218.

*R. G. Storey,* Assistant Attorney General, for the State. Cited, cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Coleman County of the offense of perjury, and his punishment fixed at five years in the penitentiary.

We have considered each of the questions raised by appellant and have decided all of same against him except as more fully appears in this opinion. We deem the indictment sufficient. Same follows Willson's Criminal Forms No. 136. Testimony of the officer who pursued and searched appellant's car without having a search warrant, was admissible.

Bill of exceptions No. 8 is confusing. Part of the bill refers to the rejection of testimony relative to a certain witness; other parts, to the rejection of the same testimony relative to the appellant. We have examined the statement of facts to ascertain the true status. The allegations of said bill that certain witnesses testified that they based their conclusion as to the reputation of State witness Wester on their personal estimate and opinion, are not in accord with the testimony of said witnesses as same appears in the statement of facts. Witnesses may know the general good reputation of one inquired about, by reason of long acquaintance and familiarity, without having heard any discussion of said reputation.

The State's proof of the falsity of the matter alleged as perjury rested mainly on the testimony of Wester and Taylor. Appellant attacked the reputation of Wester for truth and veracity by the testimony of a number of witnesses to the effect that same was bad; the State supported the witness by proof of good reputation. Appellant excepted to the charge of the court for its failure to define or tell the

jury what was meant by "a credible witness." Where there is no attack on the credibility of the State witnesses in a perjury case, it is held not necessary to give such definition. Chivarria v. State, 63 S. W. Rep. 312. But otherwise when there is such attack. Smith v. State, 22 Texas Crim. App. 200; Kitchen v. State, 29 Texas Crim. App. 45. In the condition of this record the court should have given a correct definition of what is a credible witness. That asked in special charges,—to-wit: that a credible witness is one whose reputation is above reproach,—is held incorrect in Anderson v. State, 56 Texas Crim. Rep., 371. A credible witness is one who being competent to testify is deemed worthy of belief. Godby v. State, 88 Texas Crim. Rep. 360; Halbadier v. State, 87 Texas Crim. Rep., 129, 220 S. W. Rep. 86.

Appellant was charged with perjury alleged to have been committed on his trial upon an indictment containing two counts, one charging the transportation of liquor and the other, the possession of such liquor. The fact that prior to his trial for perjury, the liquor laws had been so amended as that the second count in said indictment did not then sufficiently charge a crime, under the amended statute, would not affect his guilt of perjury, if any, or call for charges relative to the change in the liquor laws. Art. 19, P. C.

Appellant, a witness in his own behalf, may generally be attacked by proof that he has been convicted at a former time for some felony. This to affect his credibility as a witness in the case on trial. From a bill of exceptions in this record we are informed that upon his trial for transporting and possessing liquor at the November Term of the court prior to the instant trial, appellant took the witness stand and in substance denied having any liquor or transporting same, for which testimony he was indicted for perjury herein. Upon his trial for the transportation and possession of liquor he was found guilty. When a witness in his own behalf on the instant trial he was asked if he had not been convicted at the November term of the District Court for possessing and transporting whisky, and given a penitentiary sentence. Objection that the trial inquired about was the one out of which arose this charge of perjury, and that such inquiry would of necessity place before the jury now trying him, the fact that another jury had refused to accept as true the testimony of appellant which formed the basis for the instant charge of perjury, was overruled. This was error. James v. State, 88 Texas Crim. Rep. 656; Bennett v. State, 47 Texas Crim. Rep. 52. There would seem no question but that the admission of the fact that a jury trying him in the former case had convicted him, would place before the jury in the box in the instant case the fact that a former jury had concluded the testimony of the appellant to be false.

In our opinion the case before us is not one of circumstantial evidence and the court correctly declined to charge on that issue.

The false statements attributed to appellant were that he swore that he had no whisky in his car at Santa Anna; that he had no whisky in his car when arrested; that he had no keg in his car. Each of these statements was reiterated by appellant from the witness stand on the instant trial. The falsity of each statement was substantially testified to by State witnesses Taylor and Wester, corroborated to some extent by other persons who saw them when they arrived at Coleman after the arrest of appellant, and who testified that they saw and knew the contents of the keg in question and also the glass jar found in appellant's car at the time of his arrest. It was material to show that such content was whisky. In his argument to the jury it is made to appear by bill of exceptions No. 21 that the prosecuting attorney said: "I want to say to you that it was corn whisky in that keg, because I have tasted it." This was objected to and a written request that the jury do not consider it, was not granted. Such argument transgresses the well known rules forbidding prosecuting attorneys to state facts hurtful to the accused in arguments as being upon their own knowledge and based on facts not in evidence. The prosecuting attorney had not taken the witness stand, nor given in evidence the fact that he had tasted the contents of the keg and knew it to be whisky. The argument was objectionable.

For the errors above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*