OLLIE LEE HATLEY V. THE STATE.

No. 23783. Delivered November 12, 1947.
Rehearing Denied January 7, 1948.

*Brooks, Duke & Templeton,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for the repetition of the offense of driving an automobile on a public highway while intoxicated, in which the jury assessed a penalty of two years in the penitentiary.

Contention is seriously made that the evidence is not sufficient to support a conviction because the State failed to show jurisdiction in that they did not show the offense was committed in the State of Texas, or in Taylor County. W. C. Herring, a former policeman of the City of Abilene, testified in behalf of the State that on the 18th of September, 1946, he and Mr. Holliday, another policeman, were riding together at night in the City of Abilene and that they saw the appellant first on Second and Sycamore Streets, in the City of Abilene. They followed him some distance and finally stopped him and took him from the car in the condition described, which will sufficiently support the jury's finding. He further said: "That was in Taylor County." In reply to questions he said it was a "public thoroughfare, street, and road in Taylor County." We know of nothing that could be added to the evidence to show jurisdiction. We will take judicial knowledge that Abilene is the County Seat of Taylor County, and in Texas.

We find in the record nine bills of exception, most of which complain of argument of the prosecuting attorney. Each of such bills is defective in that none of them show the argument was made without being provoked, or in reply to argument made by the defendant's counsel. To the contrary, most of them show by the quoted argument, and by the approval of the court, that the argument complained of was made in reply to argument of defendant's counsel. No discussion will be necessary, under such circumstances, other than to say that the bills are not in position to be considered by this Court. Brown v. State, 184 S. W.

(2d) 840; Cavazos v. State, 186 S. W. (2d) 990; France v. State, 187 S. W. (2d) 80; Shelton v. State, 200 S. W. (2d) 1004; Young v. State, 201 S. W. (2d) 46; and Vernon's Ann. C. C. P., Art. 667, note 31.

Bill of Exception No. 3 complains that the witness Holliday was permitted to give his opinion that the appellant was intoxicated. We think the witness fully qualified himself to give the opinion. The same may be said of Bill of Exception No. 9 relating to the testimony of Fred Brannon.

Other bills complain of testimony in which the court sustained the objection. In none of these does it appear that inflammatory evidence had been given, and we find no other reason why the court's ruling could not sufficiently protect the party on trial.

Bill of Exception No. 6 is in question and answer form without any certificate of the court showing that it is necessary to have it that way. Under a long line of authorities this bill cannot be considered. Furthermore, it is fatally duplicituous.

Finding no reversible error reflected by the record, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because, as he alleges, the venue of this cause was not proven; that is, it was not shown that the alleged driving took place in Taylor County. This position is not tenable as is evident from the original opinion.

We think that the argument complained of in Bills Nos. 1 and 2, as having been made by the District Attorney, is shown by the court's qualification of such bills to have been invited by, and in answer to, the argument made by appellant's attorney.

Again, we think that the cross-examination of Bookman, appellant's companion in the alleged drunken driving, under the circumstances shown in Bill No. 5, if error, which we do not so hold, was cured when the trial court sustained the objection of appellant's attorney to such question.

Bill No. 7 seems to complain of some disagreement between the attorneys on each side as to the meaning of "good repute". However, we do not think the matter to evidence a serious error of any kind, and see no reason to think it could have affected any right of appellant under the law.

The motion for rehearing will, therefore, be overruled.