J. P. YOES V. STATE.

No. 26,103. December 3, 1952.
Rehearing Denied January 21, 1953.

*Bryan Bradbury*, Abilene, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is false personation of an officer; the punishment, fifteen days in jail and a fine of $100.00.

The witness Ramsey testified that shortly before midnight on April 12, 1952, while driving south of Abilene in Taylor County, his automobile was overtaken by another automobile, and he was signalled to stop; that appellant walked up to his side and accused him of speeding; that during the course of their conversation the appellant said, "I am the Sheriff here, and the speed limit is 35 miles per hour."

The witness Mitchell testified that he and his wife were traveling over the same road on the same night as the witness Ramsey and that his automobile was stopped by this appellant; that the appellant accused his wife, who was driving, of exceeding the speed limit.

Mrs. Mitchell corroborated the testimony of her husband and further stated that while the appellant was admonishing her he had said, "That (the speeding) could cost you some money."

The witness Presley testified that he was traveling over the same road on the same night as the other witnesses and that his automobile was stopped by this appellant, who accused him of speeding, who "told me he had been elected law there," and

who required him to exhibit his driver's license and finally said, "Well, I'm not going to give you a ticket now, I'm going to let you go."

The county auditor testified that the records of Taylor County did not show the appellant to be either a sheriff or a constable.

We find the evidence sufficient to support the conviction.

Appellant presented five motions to quash the complaint and information. These charging instruments substantially follow the statute and were evidently drawn from Willson's Tex. Crim. Forms, Sec. 202, which we find sufficient and proper.

Bill of Exception No. 1 complains of the testimony of the witness Ramsey that his wife was "pretty upset" by the conduct of the appellant in stopping their automobile. Appellant contends that this testimony was not relevant and was intended to excite the sympathy of the jury. He cites several authorities, such as Allen v. State, 102 Tex. Cr. R. 441, 278 S. W. 201, as supporting his contention that such testimony constituted reversible error. In the Allen case, we frowned upon the proof by the state that the deceased had left five children surviving him. We fail to see an analogy between the Allen case and the case at bar. The proof here comes within the res gestae rule.

Bill of Exception No. 2 complains of the admission of the testimony of the witness Mr. Mitchell on the grounds that the same constituted proof of an extraneous matter. This was a charge of impersonating an officer. Surely everything the appellant did, at least on the day charged, which would constitute the false personation of an officer would be admissible. One witness might testify that he saw an accused wearing a sheriff's badge and another testify that on the same occasion he saw a pistol on the accused. Such conclusion disposes of Bill of Exception No. 3.

Bill of Exception No. 4 complains of closing argument. The trial court qualified the bill by certifying that such argument was in reply to the argument of appellant's counsel. As so qualified, no error appears.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the wording of the trial court's qualification to Bill of Exception No. 4 does not warrant the nonconsideration of the bill.

In addition to what we said originally, note is also taken of the fact that the bill of exception fails to negative the fact that the argument complained of was not invited by argument of appellant's counsel. For this reason, the bill of exception is not subject to be considered. Stovall v. State, 153 Tex. Cr. R. 495, 221 S. W. 2d 278.

The motion for rehearing is overruled.

Opinion approved by the court.