**Ruby BLACKSTOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41581.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Ferguson & Busby, by Donald L. Busby, Cleburne, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for using obscene and abusive language over the telephone as denounced by Art. 476, Vernon's Ann.P.C. The punishment was assessed by the jury at a fine of $100 and confinement in jail for one month.

The sole ground of error presented is that the trial court committed reversible error in failing to grant a mistrial when the county attorney argued to the jury as follows:

"State's Attorney: We're not going to prosecute people that are innocent.

"Appellant's Attorney: Your Honor, this has no bearing on what he's supposed to do in his office as county attorney and we object to it for that reason.

"The Court: I sustain.

"Appellant's Attorney: Note our exception and objection to the county attor-

ney's remarks as to he wouldn't prosecute the innocent, implying that he only prosecutes the guilty, and I ask for a mistrial at this time. It's certainly an improper remark.

"The Court: I will overrule the motion for mistrial and sustain the objection and ask the jury not to consider it for any purpose.

"Appellant's Attorney: Note our exception."

In light of the record before us and the prompt action of the trial court in sustaining the objection and instructing the jury not to consider the argument for any purpose, the overruling of the motion for mistrial was not reversible error.

The judgment is affirmed.