Truman Brooks FOWLER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46557, 46558.

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Melvyn Carson Bruder, Tim K. Banner, Dallas, for appellant.

Henry Wade, Dist. Atty. and Wm. J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The convictions were for burglary and assault with intent to murder, growing out of the same transaction; the punishment, 12 and 18 years, respectively. Both cases were tried together.

In his brief appellant presents to us four grounds of error, but since we have concluded that the case must be reversed and remanded on ground of error number four, we pretermit discussion of the others.

In his closing argument to the jury, the assistant district attorney said:

"I am certainly not going to prosecute a man that I don't feel in my own heart is guilty.

"DEFENSE ATTORNEY: We object to that, Your Honor, that is testimony and we are entitled to cross-examine him if he is going to say things like that.

"THE COURT: I overrule the objection. Keep your seat, counsel, you have had your say.

"DEFENSE COUNSEL: Note our exception, Your Honor.

"THE COURT: Go ahead, Mr. Eubanks."

■ While counsel may draw reasonable deductions from the evidence, it is not permissible to inject their personal opinions into argument, lest they convey to the jury the idea that they have bases for their conclusions in addition to the evidence before the jury. Spinks v. State, 157 Tex.Cr.R. 612, 252 S.W.2d 159; Hickerson v. State, 162 Tex.Cr.R. 446, 286 S.W.2d 437. See also Bray v. State, Tex.Cr.App., 478 S.W.2d 89; Baldwin v. State, Tex.Cr.App., 499 S. W.2d 7 (1973).

■■ If the court had sustained the objection and instructed the jury not to consider this argument, the error might not have resulted in reversal. Ramos v. State, Tex.Cr.App., 419 S.W.2d 359; Blackstock v. State, Tex.Cr.App., 433 S.W.2d 699; Reyes v. State, Tex.Cr.App., 388 S.W.2d 433.

We have examined the entire record and the argument of the defense attorney preceding the argument complained of, in the light of the State's contentions that such argument was invited and was in legitimate reply to the argument of defense counsel, but do not find that the record supports this conclusion.

For the error of the court in overruling the objection to the argument quoted, we reverse the judgments and remand the causes for new trials.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority reverses these two convictions because of what it holds to be improper argument by taking a statement out of context and not considering the evidence or the statements of the defense counsel preceding the argument of the prosecutor.

In passing upon cases, we should look to the whole record to see if there is reversible error and not to statements taken out of context. The facts adduced and the issues involved are potent factors in determining the soundness of the complaint. Durst v. State, 159 Tex.Cr.R. 466, 265 S.W. 2d 118. See Vineyard v. State, 96 Tex.Cr. R. 401, 257 S.W. 548. In Palmer v. State, 148 Tex.Cr.R. 39, 184 S.W.2d 471, Judge Hawkins wrote:

"... It was said in Gatlin v. State, 113 Tex.Cr.R. 247, 20 S.W.2d 431, 435: 'It is the duty of this court, and the due and proper administration of justice demands, that not the words alone shall control, but, in estimating the argument of which there is complaint upon appeal, the nature of the offense, the evidence adduced, and the verdict rendered, are essential elements.' It follows that the same argument under certain circumstances would not be improper, or might be withdrawn, whereas, under other circumstances a contrary rule would obtain. In applying the principles suggested to the present case the entire record before us should be considered."

The appellant was tried for the offense of burglary with intent to commit theft. The indictment alleged two prior burglary convictions for the purpose of enhancement. Only one of these convictions, which was stipulated, was utilized and his punishment was assessed at twelve years under Article 62, Vernon's Ann.P.C. He was also tried for assault with intent to murder arising out of the same transaction at the same time and his punishment was assessed at eighteen years.

Charles W. Kemp, the injured party, testified that the burglar alarm at the building of his retail lumber business in Dallas went off at approximately 3:00 o'clock in the morning and he took his double barrel 410 gauge shotgun and went to the store. After entering what he described as a well lighted building, he found an office window had been broken and a sledge hammer and

other tools on his desk. He then went toward the next office and someone called out for him not to shoot. After stating that he would shoot if anyone came out, Kemp called the police. Someone then said to him that they were coming out. One of the two men ran toward another room, and the other man, later identified as the appellant, kept sticking his gun and his head around the corner. Each time Kemp would point his shotgun at the man he would then duck back. In the meantime, the appellant fired at Kemp twice, hitting him in the leg and in the shoulder about six inches from the heart.

Kemp had fired one shot at appellant and, realizing that he had only one shell left in his shotgun, backed out of the front door of the building. The appellant again fired at Kemp and said he was coming out. As he came out around the door, Kemp fired and thought he had hit him because the appellant hollered. The appellant's momentum caused him to run over Kemp, knocking him to the ground. The appellant also fell to the ground, got up and ran away. Kemp reloaded the gun, apprehended the second man and held him until the officers arrived. He told the officers that they should find a man out in the field who had been shot and that the man's gun was out in front of the building.

Officer Jack Williams testified that he went to the lumber company on the night in question and apprehended Alfred David Well who gave him a name. Kemp, after describing the man who escaped, left in an ambulance. Williams identified a sledge hammer, a pry bar, screw driver and pistol found at the scene. All of these were introduced into evidence.

Detective Ronald C. Nelson of the Dallas Police Department testified that on the afternoon of June 10, some three weeks after the burglary, he saw the appellant at the city hall. He related that the appellant had welts on his hand and some of them were festered and some of them had "little black pellet or what appeared to be pellet looking marks on his hand." When asked about other pellet wounds, he answered, "They were like I say, some of them were festered, humped up on his hand and then over the chest area, there was one real infected or festered area and then out from it—several you can see in the picture, it looks like several dark pellet marks or blister appearing marks on his chest." In Nelson's opinion, these appeared to be shotgun wounds.

Officer King testified that he arrested the appellant at about nine o'clock at night after he saw a car slowly circling a block two or three times. While he was attempting to stop the car, he saw the passenger attempting to hide something under the front seat. After stopping the car, he saw the barrel of a pistol on the floor of the car. The appellant, the passenger and the driver, Bobby Lee Williams, were then arrested. In addition to the gun, the officers found a small sledge hammer with the handle cut off and with black tape around it like the one found at the scene of the burglary. Both of the men gave fictitious names when they were arrested. On cross-examination, King testified that Williams was found not guilty on the charge of carrying the pistol.

Counsel for the appelant then called David Webb and Bobby Lee Williams. Webb claimed his Fifth Amendment right and refused to testify. Williams who was with the appellant at the time of the arrest testified that he [Williams] was driving the car and they were circling the block looking for a night club. He related that at the time of their arrest he had the pistol in his belt, but handed it to appellant who put it under the seat. On cross-examination, Williams admitted that he had been convicted in eight felony offenses from 1962 to 1966.

Did the statement, "I am certainly not going to prosecute a man that I don't feel in my own heart is guilty," by the assistant district attorney in his closing argument constitute reversible error? In view of this evidence, did this argument harm the de-

fendant by causing the jury to find him guilty? Would the jury have found him guilty without the argument? Can it be said that the argument added anything toward the finding of guilt?

Assuming that it was improper, not every improper remark of a prosecutor calls for reversal; a judgment will not be reversed if the conduct was harmless or did not prejudice the defendant. Mirowitz v. State, Tex.Cr.App., 449 S.W.2d 475; 5 Tex.Jur.2d, Section 436, page 657.

In Hinton v. State, 65 Tex.Cr.R. 408, 144 S.W. 617, reversed on other grounds, this Court held the statement by the district attorney in his closing argument, "If I did not believe a man was guilty in my heart, I would not prosecute him; and if I did not believe that defendant was guilty of assault to murder in this case, I would tender my resignation to the Governor of the state of Texas," to be improper but that standing alone would not present a ground for reversal.

In Clark v. State, 117 Tex.Cr.R. 153, 35 S.W.2d 420, Judge Lattimore, for the Court, wrote, "The state's attorney has a right to assume for the purpose of argument that the state['s] witnesses are telling the truth. . . ."

Some cases have been reversed because a prosecutor has expressed a personal opinion as to guilt, but these cases have been where the prosecutor has told or indicated to the jury that he had other evidence that could not be introduced or is basing his opinion on matters not before the jury. For example, see Deuran v. State, 130 Tex. Cr.R. 308, 94 S.W.2d 181, in an illegal sale of liquor case where the prosecutor stated, "I knew what was being sold in that drug store," and Alexander v. State, 126 Tex.Cr. R. 625, 72 S.W.2d 1080, where the prosecutor argued:

" 'Gentlemen of the Jury: When Dr. F. O. Taylor mounts the witness stand he has an interest in the case, and I know it and you know it. He will do anything

but the right thing and I know it because I know him and you do too.' "

And the Court wrote:

"Nothing in this record warrants the above, which appears to be not only stated as a matter within the personal knowledge of state's counsel, but as being within the knowledge of the jurors."

See also Brown v. State, 95 Tex.Cr.R. 343, 254 S.W. 995.

The test established by this Court as to whether an improper argument constitutes reversible error is whether (1) the argument is manifestly improper, harmful, and prejudicial, or (2) it is violative of a statute, or (3) it injects a new and harmful fact into the case. Thompson v. State, Tex.Cr. App., 480 S.W.2d 624. See Allison v. State, Tex.Cr.App., 248 S.W.2d 147. The complained of statement in the present case does not fit any of the three categories. This is not a circumstantial evidence case. The complaining witness, Charles W. Kemp, had made a positive in-court identification of appellant. Therefore, the assistant district attorney's statement, while under some circumstances would have been improper, standing alone did not prejudice the appellant.

The argument of the prosecuting attorney was invited, provoked and made in reply to the argument of defense counsel and does not reflect error. Yoes v. State, 158 Tex. Cr.R. 201, 254 S.W.2d 141; Hatley v. State, 151 Tex.Cr.R. 280, 206 S.W.2d 1017. A review of the record shows that argument by appellant's counsel occasioned and justified the assistant district attorney's remark.

After discussing some of the evidence in the present case, defense counsel continued his argument:

"He deserves to be found not guilty because he is not guilty. He is innocent."

and

"Sending an innocent man to the penitentiary does not get it. . . ."

He also argued:

"You see, if they had thought that that was his pistol, they could have prosecuted him for it, but instead, they prosecuted somebody else and a jury found him not guilty. Now, when that situation doesn't fit, all of a sudden that witness is no good and he is a liar. *Now he is no good because he doesn't fit their needs and he doesn't fit into this little scheme that they have concocted here.*" (Emphasis supplied)

The only logical deduction that can be drawn from this argument is that the State is attempting to prosecute an innocent man with a concocted scheme, that someone must be convicted so the assistant district attorney was prosecuting an individual he know to be innocent. Such a statement amounts to an attack on the prosecutor's integrity. A clear invitation for the district attorney to respond just as he did.

When argument by defense counsel attacks the integrity of the prosecutor, the prosecutor has the right to make a vigorous response, and it is not improper for the prosecutor to state his belief in the guilt of the accused where it is based upon the evidence and his integrity has been questioned. See United States v. Hoffa, 349 F. 2d 20 (6th Cir.), cert. granted [on other grounds], 382 U.S. 1024, 86 S.Ct. 645, 15 L.Ed.2d 538. In that case defense counsel had argued that there was a diabolical plot with the Department of Justice as its mother. The response that the prosecutor believed him to be guilty was held proper.

It is well settled that appellant is not entitled to complain of improper argument of State's counsel which is occasioned and justified by the argument of his own counsel. 1 Branch's Ann.P.C., Section 383, page 403, and cases cited therein.

The right to reply to misconduct or argument should not be taken as an opportunity to engage in excessive retaliation. See Howard v. State, 147 Tex.Cr.R. 88, 178 S. W.2d 691, where Judge Hawkins held for

the Court that the prosecutor had gone too far in his reply. It was noted that each case must rest upon its own facts.

The Palmer case, (Palmer v. State) 148 Tex.Cr.R. 39, 184 S.W.2d 471, was reversed because the county attorney argued that he knew what the absent witnesses would testify and was not afraid to put them on the stand. This was a clear intimation that their testimony would have been favorable to the State.

A case somewhat analogous to the present case is Scarbrough v. State, 171 Tex.Cr.R. 83, 344 S.W.2d 886, where the prosecutor argued:

"'This lawyer knows as well as anybody in this Courtroom or within hearing of my voice that I will bring a man to trial if I think he should be tried whether he is on one side of the tracks or on the other.'"

The record in that case reflected that defense counsel had inferred that the State was appealing to race or class prejudice. This Court held that the argument was invited by and in response to that of defense counsel and held that it was not error.

If the prosecutor had not answered the argument in the present case, would the jury have a right to conclude that the prosecution had concocted a scheme to convict the appellant? It appears at the present time, at least, that when a public official has been accused of misconduct, he is expected to deny it or credence will be given to the charge.

In the present case the prosecutor violated no mandatory statute. He did not attempt to inject new evidence into the case. From the holding by the majority, the defense attorney may make the bold assertion that his client is innocent and the prosecution is attempting to obtain a conviction of an innocent defendant by a concocted scheme and the prosecutor cannot even answer such argument.

What does the majority do with all of the cases heretofore cited that are contrary

**648**

to this holding? For instance, see Bolding v. State, Tex.Cr.App., 493 S.W.2d 181, handed down in May of this year, where the prosecutor argued, "But I will tell you and I will swear to God today that I have never made any deal with that man." This Court held that the argument was invited by appellant's argument that the witness was willing to lie about whether he got a deal with the district attorney's office. Do we have a new holding for each case? Which case does the trial judge, the defense counsel or the prosecutor rely upon?

In Wolf v. State, 95 Tex.Cr.R. 237, 253 S.W. 267, 273, Judge Lattimore wrote for the Court:

"... If state's attorneys were compelled to discuss only the facts in evidence and could make no reply in kind to appeals such as are stated to have been made * * * and could make no kind of illustrations or appeals to the jury, a limitation would thus be put upon the representatives of the state which would manifestly be unfair. ..."

No reversible error has been shown. The judgment should be affirmed.

ROBERTS, J., concurs in this dissent.