Rosa ELIZONDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 51743.

Court of Criminal Appeals of Texas.

Nov. 17, 1976.

Dissenting Opinion On State's Motion For
Rehearing Jan. 19, 1977.

Thomas Rocha, Jr., San Antonio, for appellant.

John H. Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GUPTON, Judge.

The offense is delivery of heroin under the Controlled Substances Act; the punishment, assessed by the jury, 99 years.

In the light of our disposition of this case, a detailed recitation of facts is not necessary. Gerald Howard, a Department of Public Safety narcotics agent, testified that he was working undercover in the Midland-Odessa area on April 4, 1974. He went to appellant's home accompanied by Elmer Don Culp, a heroin addict and paid informer. Culp knew appellant, and after introductions, the heroin purchase was made. Howard testified that *he* purchased the heroin, whereas Culp and appellant both testified that the purchase was made by Culp and that the delivery was made to Culp.

Due to the conflict in testimony among the three main witnesses, Culp's credibility, bias, interest and motive became issues during the trial. Tom Barker, an investigator for the district attorney's office, testified that prior to trial he had interviewed Culp in jail at which time Culp stated "that he [presumably the defense counsel] had put

the heat on him . . . and he was afraid he was going to have to lie".

The district attorney then took the stand and testified that while interviewing Culp the investigator had telephoned the district attorney at home. The prosecutor stated that he heard Culp say that "he would not tell us [the district attorney's office] what he was going to testify to until he had an opportunity to talk to the man who had subpoenaed him."

Appellant presents eight grounds of error. Since we have concluded that the case must be reversed and remanded due to improper jury argument, we will discuss only grounds of error one and two. Appellant's first ground of error alleges that the trial court committed reversible error when it overruled appellant's objection to the prosecutor's argument that the jury had to believe the prosecutor and other witnesses. In his second ground of error appellant asserts that the trial court committed reversible error when it overruled appellant's objection to the prosecutor's statement that "You just don't pay me enough to try to come in and convict an innocent person."

In his closing argument to the jury at the guilt-innocence stage, the district attorney said:

"[DISTRICT ATTORNEY]: I want to, first of all, start off and tell each and every one of you one thing. This case boils down to this, *you either believe the agent, you believe my investigator, you believe me, or you believe a heroin seller.* Now that is what it boils down to.
[DEFENSE COUNSEL]: Your Honor, excuse me, I have an objection. I object to the jury believing him, they can believe the witnesses as to material facts.
[DISTRICT ATTORNEY]: I testified in this case, Your Honor.
TRIAL COURT: He testified in this case.
[DEFENSE COUNSEL]: A very minute part, not material witness as to facts." (Emphasis added)

The trial court overruled defense counsel's objection and the prosecutor continued:

"[DISTRICT ATTORNEY]: It's minute to him, when the evidence is that I am listening to one of their star witnesses testify or tell us before he comes to court, I am not going to tell what I am going to testify until I've talked to him. Now that has a little bit of bearing on this case . . . *If you think that I have to get up here and lie, on this stand, and send somebody to the penitentiary, you are wrong.*
[DEFENSE COUNSEL]: Your Honor, I object to that. He is interjecting his own beliefs as to the validity of this case and I think that is totally objectionable and I move for a mistrial." (Emphasis added)

Appellant's objection was again overruled. Still later in his argument, the prosecutor returned to this theme:

"[DISTRICT ATTORNEY]: We can go over this and over it, but it boils down to this, like I say, ladies and gentlemen, I am serious about this. You know, *you just don't pay me enough money to try to come in and convict an innocent person . . .* " (Emphasis added).

Immediately following the overruling of defense counsel's objection and motion for mistrial, the prosecutor repeated this argument:

"[DISTRICT ATTORNEY]: What I mean by that, what I mean by that is that my investigator testified, I have testified as to what this star witness said, and it doesn't mean that much to me, top, side or bottom, and I say this again, referring to that, *you do not pay me enough money to come up here and perjure myself and lie on the stand.*" (Emphasis added.)

Similar language was held improper argument in *Jones v. State,* Tex.Cr.App., 520 S.W.2d 755. In *Jones,* the prosecutor [the same prosecutor involved in this appeal] stated:

"So let me make this clear to each and every one of you, it is important, you don't pay me enough money to come here and convict an innocent man."

The majority of this Court found that the argument in *Jones* was invited by a statement referring to the district attorney's salary and that it was easy to stand behind the badge of authority. Therefore, although the argument was improper, it did not constitute reversible error because it was invited.

The State argues that the instant case presents invited argument and is controlled by *Jones*:

"A hint at the tone of the trial set by the defense is revealed when appellant, at the trial's beginning, tried to place the district attorney's investigator under the rule. This is becoming an increasingly prevalent (in this area) defensive tactic to keep the prosecutor's investigator out of the courtroom and away from the witnesses for either side  .   .   .

The mood of the trial at the onset continued throughout the trial by the defense counsel's attempt to implicate the State in some sort of contrived plot to intimidate a defense witness  .   .   .

The district attorney and his investigator were compelled to testify in an attempt to remove the cloud appellant had placed over the State's position. It was, therefore, appellant's actions which made the motives of the State and the credibility of the prosecutor an issue, which issue, if left unanswered, could have logically been construed as an admission of sorts  .   .   . "

■ The State does not cite any portion of appellant's *argument* to support its contention that the district attorney's response was invited, and a review of the record does not show that the prosecutor's argument was so invited. Defense counsel did not discuss the district attorney's testimony in his brief summary of the evidence and made only passing reference to Barker's testimony.[1]  Looking to the arguments in the context of the complete record, we find only one general statement which could conceivably be construed as an oblique reference to the district attorney's testimony. This occurred when defense counsel argued the credibility to be given witnesses in general:

"The defense then called Elmer Don Culp. You are, of course, the judges of the credibility of Mr. Culp and every other witness who testified. Their motivation, the reasons for it, whether they are biased or unbiased, and their interest in the case. Of course, everyone who participated as a witness is interested in the case."

We decline to construe this as inviting the district attorney's reply argument.

In a concurring opinion in *Jones,* Judge Odom did not find the prosecutor's argument to be invited, although he agreed that it did not constitute reversible error. Judge Odom observed that had the prosecutor dwelt on the matter or made a more direct statement of his opinion, then the situation would be different. The complained of argument in the instant case, like the argument in *Jones,* carried the implication that the prosecutor believed appellant was not innocent. Unlike *Jones,* however, the complained of statement was made four times in the closing argument and was one of the primary thrusts of that argument. Even if the prosecutor's argument could be construed as invited by the "tone of the trial", his response went far beyond a legitimate reply. *Boyde v. State,* Tex.Cr.App., 513 S.W.2d 588; *Stein v. State,* Tex.Cr.App., 492 S.W.2d 548.

■ Although the district attorney did testify briefly at the trial, it does not follow that he may then argue to the jury that they should believe him and the two other witnesses rather than a heroin seller. Such argument is impermissible because it con-

---

1.  With reference to Barker's testimony, defense counsel stated:

"Subsequent to that, Mr. Barker was called by the prosecution. He took the stand and he related how he had talked to Mr. Culp, but Mr. Barker did not in any way tell you that he was present when the offense occurred, that the defendant had made any admissions or confessions to him, so in effect, what Mr. Barker related to you, if it had anything to do with this case, it pertained to the testimony of Mr. Culp and the motivation of Mr. Culp."

veys to the jurors that the prosecutor has a basis for his conclusions in addition to the evidence they have before them. *Fowler v. State,* Tex.Cr.App., 500 S.W.2d 643.

Although not cited in appellant's brief, we note other instances of questionable argument in both phases of the trial; attacks on counsel; and attempts to circumvent the trial court's ruling. We recognize that this trial was conducted in a spirited and aggressive fashion, but in light of the punishment assessed, it is reasonable to assume that the prosecutor's argument had a cumulative negative effect and was calculated to deprive appellant of a fair and impartial trial.

The judgment is reversed and the cause remanded.

ONION, P. J., and DOUGLAS, J., dissent.

ONION, Presiding Judge (dissenting on State's Motion for Rehearing).

The majority overrules the State's motion for rehearing. I dissent.

The appeal is from a conviction for delivery of heroin wherein the jury assessed punishment at ninety-nine (99) years. On original submission the cause was reversed because of the District Attorney's jury argument.

The indictment charged that the delivery of heroin was made to Gerald Howard.

The facts will be discussed briefly. Gerald Howard, undercover narcotics agent for the Department of Public Safety, went to the appellant's home in Ector County on April 4, 1974. He was accompanied by Elmer Don Culp, a heroin addict and paid informer. Culp introduced Howard to the appellant and Howard testified he purchased one-half gram of heroin from appellant for $35.00. The chain of custody was established and the chemist testified the substance delivered to him was heroin.

The defense then called Culp, who testified that the heroin was delivered to him, not Howard, and he paid for the same though he acknowledged that Howard was with him. The appellant Elizondo then testified that she had delivered the heroin to Culp, not Howard, because she felt sorry for Culp because he was sick.

Tom Barker, District Attorney's investigator, testified that when he learned Culp had been subpoenaed by the defense he went to the jail where Culp was confined. He related, without objection, that Culp told him he had been threatened and he couldn't help it and he was going to lie; that "the sale went down righteous," but he couldn't help it. Barker said Culp indicated he had been threatened by "some people in jail" and didn't know "how much axe" appellant's defense counsel had and that he was going to have to talk to such attorney and was afraid he was going to have to lie.

John Green, District Attorney, testified, without objection, Barker called him from the jail and he heard Culp in the background saying "he would not testify the facts" and that "he would not say anything until he talked to the lawyer to see what he was going to say."

The court charged the jurors that they could not convict unless the jury believed beyond a reasonable doubt that the delivery of heroin was made to Gerald Howard, and if they had a reasonable doubt thereof they should acquit. In addition, the court instructed the jury that if they believed the delivery was made to Culp then they should acquit, or if they had a reasonable doubt thereof they should acquit.

With that background, we now turn to appellant's contentions. First, he contends the "trial court committed reversible error when it overruled defendant's objection to the prosecutor's argument that the jury had to believe the prosecutor and other witnesses."

At the guilt stage of the trial and prior to the complained of argument, appellant's counsel told the jury in argument that they were the judges of the credibility of Culp "and every other witness who testified. Their motivation, the reasons for it, whether they are biased or unbiased, and their interest in the case." He then argued, "The real question is, 'Was the delivery made to Mr. Howard, or was it made to Mr. Culp?'

because, you see, for whatever reason, if the delivery was made to Mr. Culp, then you must find the defendant 'Not Guilty.' " He continued to stress that the real issue was to whom the delivery had actually been made, and that of the three persons present at the time of the delivery two of them under oath had stated that the delivery had been made to Culp, not Howard.

The record reflects the following at the outset of the District Attorney's closing argument at the guilt stage of the trial:

> " . . . This case boils down to this, you either believe the Agent, you believe my investigator, you believe me, or you believe a heroin seller. Now, that is what it boils down to.
> "MR. ROCHA: Your Honor, excuse me, I have an objection. I object to the jury believing him, they can believe the witnesses as to material facts.
> "MR. GREEN (District Attorney): I testified in this case, Your Honor.
> "THE COURT: He testified in this case.
> "MR. ROCHA: A very minute part, not material witness as to facts.
> "THE COURT: I will overrule your objection.
> "MR. ROCHA: Please note my exception."

While attorneys in a case should avoid becoming fact witnesses whenever possible, and while the complained of argument tended to magnify the importance of the District Attorney's own unobjected to testimony, the argument in essence merely restated the issue framed by the evidence and the charge and emphasized by the prior argument of appellant's counsel—that is, to whom was the heroin delivered? The prosecutor clearly had the right to argue the very issue before the jury and to respond to the defense argument. Under these circumstances no error is presented. Further, on appeal appellant argues that the District Attorney's testimony was hearsay and was inadmissible, but he acknowledges that it came in without objection. He urges that the argument of the prosecutor served to bolster the credibility of his witnesses by unsworn testimony. This, of course, is not

the objection urged at the time of trial. His reliance upon *Caka v. State,* 165 Tex. Cr.R. 35, 302 S.W.2d 939 (1957), is misplaced. The difference between the argument there and here is clear.

Next, appellant contends the trial court committed reversible error when it overruled the objection "to the prosecutor's statement that 'You just don't pay me enough to try to come in and convict an innocent person.' "

During the guilt stage of the trial the District Attorney argued that defense counsel would not have subpoenaed Culp unless he knew as to what Culp would testify. The record then reflects:

> "MR. GREEN: And that is common sense. You know, every time we get in a narcotics case I feel like I am on trial, I feel like my investigator is on trial, I feel like the narcotics agent is on trial. You know, we are all the ones who get criticized for trying to stop this stuff, keep your eyes off of what we are really talking about, and that is the lady selling heroin in your community. We can go over this and go over it but it boils down to this, like I say, ladies and gentlemen, I am serious about this you know, you just don't pay me enough money to try to come in and convict an innocent person.
> "MR. ROCHA: I object to that, Your Honor. I move the jury be instructed to disregard it.
> "THE COURT: I will overrule your objection.
> "MR. ROCHA: Please note my exception, and I move for a mistrial.
> "THE COURT: I overrule your motion for a mistrial.
> "MR. GREEN: What I mean by that, what I mean by that is that my investigator testified, I have testified as to what this star witness said, and it doesn't mean that much to me, top, side or bottom, and I say this again, referring to that, you do not pay me enough money to come up here and perjure myself and lie on the stand.
> "MR. ROCHA: I object again, Your Honor.

"THE COURT: Overrule your objection.

"MR. ROCHA: Note my exception."

It is observed that appellant presented only a general objection each time the "you don't pay me enough money" argument was made. The appellant at no time called to the trial court's attention the complaint now made on appeal.

On appeal the appellant contends the argument was not within the realm of proper argument, citing *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). Appellant urges that the argument made conveyed to the jury the idea that there was a basis for the prosecutor's conclusion in addition to the evidence before the jury. While counsel may draw reasonable deductions from the evidence, it is not permissible to inject their personal opinions into argument, lest they convey to the jury the idea that they have basis for their conclusions in addition to the evidence before the jury. *Fowler v. State,* 500 S.W.2d 643 (Tex.Cr.App.1973), and cases there cited. Where such improper argument is made but the objection thereto is sustained and the jury instructed to disregard the argument, the error might not result in reversal. *Fowler v. State,* supra; *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967).

In *Fowler* the conviction was reversed because the prosecutor argued: "I am certainly not going to prosecute a man that I don't feel in my own heart is guilty." The objection made thereto was overruled.

In *Clayton v. State,* 502 S.W.2d 755 (Tex.Cr.App.1973), the argument by an Assistant District Attorney that "He (District Attorney) couldn't pay me enough to come down here and prosecute a man I didn't know in my heart to be guilty" was held to be reversible error even though only a general objection was made and overruled.

In *Jones v. State,* 520 S.W.2d 755 (Tex.Cr.App.1975), the District Attorney (the same as in the instant case) made a similar "you don't pay me enough money to come here and convict an innocent man." Such argument was held not to be reversible error since it was invited by defense counsel's argument concerning the District Attor-

ney's salary and his statement that it was easy to stand behind the badge of authority. Appellant urges that the argument was not invited in the instant case.

In the instant case appellant's counsel elicited from Culp that the District Attorney's investigator, Barker, had told him he would be indicted for the same offense as the appellant if he took the stand and testified he had made the purchase of heroin. Culp also testified that Agent Howard had also come to his jail cell and told him what Howard was going to testify to concerning the delivery of heroin and told Culp that if he would support such testimony he (Howard) would see that Culp would be "cut loose" on his pending charges. On cross-examination of the District Attorney defense counsel attempted to establish that in the judge's chambers the District Attorney had personally told Culp that he would be indicted for delivery of heroin unless he testified that the delivery in question was made to Howard. The District Attorney repeatedly denied that any such statement was ever made, and it was not established by any evidence.

During argument appellant's counsel attacked the credibility and motivations of Agent Howard, and urged the jury to assess the credibility of all the witnesses, their interest in the case, their motivations. In responding the complained of argument was made. While the argument was unnecessary and should not have been made, it was invited by argument of appellant's counsel. Further, when taken in context, there is no statement or indication that the District Attorney had other evidence he could not get before the jury or that he had other matters in mind when he made the statement. Such argument did not subvert the rule against the injection into argument of the purely personal opinion of the prosecutor. See *Sikes v. State,* 500 S.W.2d 650 (Tex.Cr.App.1973). Still further, despite the holding in *Fowler,* I do not conclude that general objections made were sufficient to preserve any error and call to the trial court's attention the complaint now urged on appeal so that the court could

have taken prompt action to instruct the jury to disregard.

It is observed that the majority in its opinion on original submission combines ground of error # 1 and # 2 and adds additional argument not complained of on appeal in any ground of error in order to reach the conclusion that reversal is necessitated.

I dissent.

DOUGLAS, J., joins in this dissent.