**Elijah COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42719.**

Court of Criminal Appeals of Texas.

April 1, 1970.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Rufus Adcock and William W. Chambers, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary enhanced under Article 63, Vernon's Ann.P.C.; the punishment, life.

■ It is contended that the trial court erred in overruling the motion for a mistrial because of the admission of the arresting officer's opinion as to the appellant's guilt.

The record reflects that the appellant called Officer Austin Jordan, the arresting officer, as a witness. During the cross-examination of Jordan, who had testified earlier for the state, the following occurred:

"Q  After hearing the Defendant's story, I will ask you whether or not you are the officer who ordered this case to be filed.

"A  Yes, sir.

"Mr. Gandy: Wait just a minute. We object to that, Your Honor.

"The Court: Objection sustained.

"Mr. Gandy: May we ask the Court to instruct the Jury not to consider it.

"The Court: The Jury will not consider it for any purpose.

"Mr. Gandy: At this time we move for a mistrial because of the question, has inferred the request for the officer's opinion in this case.

"The Court: Motion denied.

"Mr. Gandy: Note our exception."

Officer Jordan testified that he had gone to the Walker residence at 9:30 a. m., December 5, to investigate the report of a previous burglary of the Walker residence on December 4. Upon his arrival he heard movements and noise inside the house. When he rang the door bell, the noise ceased, but no one answered. After noticing a broken door, he entered the house. A man then ran from the house who was apprehended and identified at the trial by Officer Jordan as the appellant. Jordan also testified, without objection, that a case was filed against appellant. Appellant told Jordan that the automobile parked near Walker's garage belonged to him. The testimony of the Walkers reflects a burglary of their house.

It appears that it would be the duty of Officer Jordan to file or report the case so it could be filed against the appellant. This would reasonably appear to any ordinary person hearing such evidence.

However, the court promptly sustained the objection and instructed the jury not to consider the testimony for any purpose. The refusal of the mistrial motion was not error. Weatherly v. State, 163 Tex.Cr.R. 659, 296 S.W.2d 764; Blackstock v. State, Tex.Cr.App., 433 S.W.2d 699. The ground of error is overruled.

· ■ Next, the appellant contends that the trial court erred in allowing the prosecuting attorney to make the following closing argument to the jury:

"Now he further goes into the fact there were no fingerprints. Ladies and Gentlemen, I will assure you if there were any clear, readable fingerprints we'd have brought them for you here.

"Mr. Gandy: If the court please, we object to the Counsel assuring the jury of anything and putting into evidence unsworn testimony.

"The Court: I will overrule your objection.

"Mr. Gandy: Note our exception."

Prior to the argument complained of the appellant had made the following argument to the jury:

"If they tell you and want you to believe that Elijah Coleman could pile up all this stuff here in a matter from five

to seven to ten minutes, then most certainly he would have left some fingerprints, wouldn't he? But you haven't seen any testimony—they didn't call anybody up here to say, 'We have found a thumb print on a television set, and that thumb print belongs to this man.' "

The testimony reveals that two television sets, several jewelry boxes, and clothing were stacked near the rear door when Officer Jordan entered the residence.

The complaint of improper argument of the prosecuting attorney which appears to have been invited by the argument of appellant's counsel does not call for a reversal. Meadowes v. State, Tex.Cr.App., 368 S.W. 2d 203. The second ground of error is overruled.

The judgment is affirmed.