James C. BUFFINGTON, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–88–00605–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1990.

Rehearing Denied Nov. 30, 1990.

---

Mark Stevens, San Antonio, for appellant.

Fred G. Rodriguez, Sam Ponder, Julian Lopez, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before CHAPA, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

Appellant, James C. Buffington, Sr., was indicted for the offense of capital murder. He was tried before a jury and was found guilty of the lesser included offense of murder. The jury assessed punishment at confinement for life. Appellant appeals that conviction. We affirm as reformed.

On March 20, 1976, Chere Buffington, appellant's wife, was shot and killed. In 1977, appellant was indicted for that killing. He was tried in 1978 and received the death penalty. In 1983, the Texas Court of

Criminal Appeals reversed the conviction and remanded for a new trial on the grounds that the trial court had excused venirepersons in violation of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). *See Buffington v. State,* 652 S.W.2d 394 (Tex.Crim.App.1983) (en banc). Subsequently, appellant received another trial in 1988. The second trial led to this appeal. Since appellant does not challenge the sufficiency of the evidence, a more detailed recitation of the facts is not necessary.

■ In appellant's first point of error, appellant contends that the trial court erred in not permitting him to impeach David Savere, a State's witness, with evidence of Savere's felony convictions. Savere was convicted in 1969 of burglary and attempted burglary. He was sentenced to three years imprisonment and was released from prison in 1970.

The trial court excluded the attempted impeachment on the grounds that the convictions were too remote under Rule 609(b) of the Texas Rules of Criminal Evidence. That rule provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

TEX.R.CRIM.EVID. 609(b).

Appellant's first point of error relies upon two arguments. Appellant's first argument is two-fold. First, appellant contends that in his second trial, the trial court should have considered Savere's 1969 convictions as less than ten years old and should have admitted them. Second, appellant contends that the court should not have considered Rule 609(b) of the Texas Rules of Criminal Evidence on the basis that Rule 609(b) was not in effect at the time of appellant's first trial.

To support his argument, appellant relies on article 44.29(a) of the Texas Code of Criminal Procedure, which provides in part:

> Where the ... Court of Criminal Appeals awards a new trial to the defendant on the basis of an error in the guilt or innocence stage of the trial ... the cause shall stand as it would have stood in case the new trial had been granted by the court below.

TEX.CODE CRIM.PROC.ANN. art. 44.-29(a). Appellant also relies on Rule 32 of the Texas Rules of Appellate Procedure, which provides in part:

> Granting a new trial restores the case to its position before the former trial including, at the option of either party, arraignment or pretrial proceedings initiated by that party.

TEX.R.APP.P. 32.

Part one of appellant's first argument was addressed and rejected in *Ross v. State,* 658 S.W.2d 846 (Tex.App.—Fort Worth 1983), *aff'd on other grounds,* 678 S.W.2d 491 (Tex.Crim.App.1984). In *Ross,* the defendant argued that on retrial it would be grossly unfair to him to lose the opportunity to impeach a witness when the opportunity was present in the first trial. The court noted that it had no record of the first trial to determine if the witness' prior conviction was used for impeachment. The court concluded, however, that the events in the first trial were irrelevant in the second trial. *Ross,* 658 S.W.2d at 848. Appellant attempts to distinguish *Ross* on the basis that in the present case, unlike in *Ross,* the record shows that Savere's 1969 convictions were used for impeachment in the first trial. The distinction is of no importance. The *Ross* court did not hold that the argument failed because the record did not support it; the court held the events of the first trial were *irrelevant* in the second.

In *Davis v. State,* 545 S.W.2d 147 (Tex. Crim.App.1976), the court addressed an argument by the State that a twelve year-old prior conviction of the defendant was admissible because there was only a ten year lapse of time from his release in that conviction and the commission of the offense

for which he was being tried. The court rejected the State's argument and held that "[t]he date of trial is the controlling time for computation because the purpose of admitting prior convictions at the guilt stage of the trial is to allow possible impeachment." *Id.* at 150. The court quoted from the dissenting opinion in *McClendon v. State*, 509 S.W.2d 851, 854 (Tex.Crim. App.1974): "The rule of remoteness is based upon reason. An accused should not be impeached by conviction which occurred so far in the past that they do not shed any light on his credibility at the time of trial." *Davis*, 545 S.W.2d at 150.

We reject appellant's argument that the admission of Savere's prior convictions in the first trial required their admission in the second trial. The issue raised at the second trial was the witness' credibility at the time he testified. The controlling time for determining remoteness of the prior convictions was the date of the second trial.

■ Regarding part two of appellant's first argument, we hold that the Texas Rules of Criminal Evidence are procedural provisions and not substantive provisions. In addition, we hold that since Rule 609(b) was in effect at the time of appellant's second trial,[1] it was applicable as a procedural provision to be followed by the court during that trial. *See Hardeman v. State*, 552 S.W.2d 433, 438 (Tex.Crim.App.1977).

In the alternative, appellant's second argument recognizes that Rule 609(b) generally excludes remote convictions, but appellant argues for an exception to the general rule on the grounds that Savere's convictions had been admitted at appellant's first trial in 1978. Appellant further argues that since his first trial was reversed based on reversible error committed by the State, the trial court in appellant's second trial erred by permitting the State to profit

from its reversible error in the first trial. Appellant's second argument is not that Rule 609(b) conflicts with Article 44.29(a) of the Texas Code of Criminal Procedure and Rule 32 of the Texas Rules of Appellate Procedure; instead, appellant argues that since permitting the State to profit in the second trial from its error in the first trial is "unjust," the trial court erred in not applying the "in the interest of justice" exception as contained in Rule 609(b) when viewed in the light of Article 44.29(a) and Rule 32. Appellant's argument relies in part on alleged prosecutorial misconduct in the first trial. *See Buffington*, 652 S.W.2d at 396 (Clinton, J., dissenting); *Buffington v. Copeland*, 687 F.Supp. 1089 (W.D.Tex. 1988).

■ Having held that Rule 609(b) was applicable in appellant's second trial, the question before this court is whether the trial court abused its discretion in excluding the evidence. The general rule is that in the absence of a clear abuse of discretion, the ruling of the trial court should not be disturbed by a reviewing court. *Crank v. State*, 761 S.W.2d 328 (Tex.Crim.App. 1988) (en banc), *cert. denied*, — U.S. —, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989); *Ricondo v. State*, 657 S.W.2d 439, 444 (Tex. App.—San Antonio 1983, no pet.). In *Crank*, the court concluded, in reviewing the trial court's admission of an extraneous offense: "The analysis is for the trial judge in the first instance and, absent a clear abuse of discretion, his decision will not be disturbed on appeal." *Crank*, 761 S.W.2d at 342.[2] Under Rule 609(b), the proponent of the admission of a prior conviction that exceeds the ten year rule must persuade the trial court, "in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances *substantially* outweighs its preju-

---

1. Rule 609(b) became effective in September 1986.

2. We are aware of *Montgomery v. State*, Nos. 1090–88 & 1091–88, slip op. at 11 (Tex.Crim. App., May 30, 1990) (motion for rehearing pending), in which the court held, in the context of the admission of relevant evidence:

"[J]udicial rulings will be affirmed if the trial court follows the appropriate analysis and balancing factors, though the appellate court might disagree with the weight given to those individual factors. In short, a trial court judge is given a 'limited right to be wrong,' so long as the result is not reached in an arbitrary or capricious manner."

dicial effect." TEX.R.CRIM.P. 609(b) (emphasis added).

Prior to the adoption of our Rules of Criminal Evidence, there was no rigid time period for determining remoteness. The question of remoteness was mostly within the discretion of the trial court, but the general rule of thumb was that a prior conviction was admissible if the release from confinement was less than ten years before the trial. *Taylor v. State*, 612 S.W.2d 566, 572 (Tex.Crim.App.1981); *Davis*, 545 S.W.2d at 150. Case law recognized that the interval of time between release from prison and trial was not in itself the controlling factor. *Davis*, 545 S.W.2d at 150. The facts and circumstances of each case were examined. Among the factors that were considered were the youthfulness of the person at the time of the prior conviction, subsequent conduct reflecting a lack of reformation, the nature of the offense, and the length and severity of the penalty assessed in the prior conviction. *Id.*

Although Rule 609(b) sets a strict ten year limitation on the remoteness of a prior conviction for impeachment purposes, the rule allows the trial court to exercise its discretion when appropriate in admitting prior convictions outside of the ten year period. The types of factors examined in *Davis* for determining remoteness provide appropriate guidelines for a trial court when confronted with the question of whether to admit an otherwise remote prior conviction. We see no need to abandon these factors in reviewing a trial court's evidentiary decision under Rule 609(b). As we previously stated, the rule precludes the admission of a remote prior conviction, "unless the court determines, in the interests of justice, that the probative value of the conviction *supported by specific facts and circumstances* substantially outweighs its prejudicial effect." TEX.R.CRIM.P. 609(b) (emphasis added). We conclude that in this regard the enactment of Rule 609(b) codified existing case law.

■ In the instant case, Savere testified about several conversations he had with appellant and Charles County, concerning this offense. According to Savere, he was recruited by appellant and County to assist in the murder of appellant's wife. The day before the killing, Savere told County he would not participate. After the offense, Savere relayed information between appellant and County. Savere talked with the police and on their request spoke with appellant once more. This time appellant acted as though he did not know what Savere was talking about. Although this conversation was tape recorded, the tape was not available at trial.

The trial court was required to balance the probative value of the convictions' capacity to impeach the witness' credibility against the prejudicial effect that the convictions were too remote to shed any light on Savere's credibility at the time of trial. Savere provided crucial evidence against appellant. Savere's prior convictions for two counts of burglary and one attempted burglary were over eighteen years old at the time of trial, based on 1970 release dates. He received three-year sentences for those convictions. In a hearing outside the jury's presence, Savere testified he was seventeen years old when he committed those offenses and he had not been in trouble since then. Based on the specific facts and circumstances, we cannot conclude the trial court abused its discretion in holding that, in the interests of justice, the probative value of the prior convictions did not substantially outweigh their prejudicial effect.

Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in overruling his objections to the charge. He specifically argues that the charge incorrectly defined "intentionally" and "knowingly" in terms of "nature of conduct" crimes instead of "result of conduct" crimes.

In its proposed charge, the court defined the culpable mental states "intentionally" and "knowingly" as follows:

> *A person acts knowingly, or with knowledge, with respect to the nature of*

*his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.* A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A person acts intentionally, or with intent, with respect to *the nature of his conduct or to* a result of his conduct when it is his conscious objective or desire to *engage in the conduct or* cause the result.

(Emphasis added.) Appellant objected to inclusion of the underscored language in the proposed definitions of "intentionally" and "knowingly" on the grounds that capital murder is a "result of conduct" type crime, not a "nature of conduct" crime. The court overruled the objection and submitted the charge as originally proposed.

■ Appellant argues that reversal of the conviction is mandated by *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim.App.1985) (en banc). *Alvarado* stands for the proposition that in a prosecution for a "result of conduct" crime, the accused is entitled, upon timely objection, to have the trial court limit the definitions of the culpable mental states in the jury instruction to that which relates to the "result" of the offense. *See Wallace v. State*, 763 S.W.2d 628 (Tex.App.—San Antonio 1989, no pet.); *Mena v. State*, 749 S.W.2d 639 (Tex.App.—San Antonio 1988, pet. ref'd).

In a recent capital murder case, the Court of Criminal Appeals held that in "result of conduct" offenses, the crime is defined in terms of one's objective to produce a specified result. *Kinnamon v. State*, 791 S.W.2d 84, 88 (Tex.Crim.App.1990) (en banc). According to the court, "not only must an accused be found to have intended to engage in the act that caused the death, he also must have specifically intended that death result from that conduct." *Id.*, at 88–89. In *Kinnamon*, the appellant complained of the "engage in conduct" language in the charge. The Court of Criminal Appeals found that the language did *not provide* for any additional degree of

culpability and that the "engage in conduct" language was irrelevant with respect to the appellant's culpable mental state.

In the instant case, in addition to a general instruction on the law of parties, the application portion of the court's charges was as follows:

Therefore, if you believe from the evidence beyond a reasonable doubt that on or about the 20th day of March, A.D., 1976 in Bexar County, Texas, Charles County did *intentionally* or knowingly cause the death of an individual, Chere J. Buffington, by shooting her with a gun and that the Defendant, James G. Buffington, Sr., did then and there know of the *intent*, if any, of the said Charles County to shoot and kill the said Chere Buffington and the Defendant, James G. Buffington, Sr., acted with *intent* to promote or assist the commission of the offense by Charles County by encouraging, directing, aiding, or attempting to aid Charles County to commit the offense of causing the death of Chere J. Buffington, you will find the Defendant, James G. Buffington, Sr., guilty of murder.

(Emphasis added.)

In this case, as in *Kinnamon*, the jury found the appellant guilty not because appellant engaged in any specific conduct, such as shooting a gun, but because appellant's objective was to cause the death of the deceased. We therefore hold that the "nature of conduct" language in the definitional portion of the instant charge was irrelevant.

Appellant's second point of error is overruled.

■ In his third and fourth points of error, appellant contends that the trial court erred in excusing venirepersons Lindquist and Moreno. Appellant argues that both of these venirepersons were erroneously excused in violation of the holdings of *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985), and *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

In the instant case, the jury assessed punishment at life imprisonment. In light of the fact that the death penalty was not imposed, the appellant is not entitled to a new trial on the grounds that a prospective juror was excluded in violation of *Wainwright v. Witt* and *Witherspoon v. Illinois. See Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Adams v. State*, 624 S.W.2d 568 (Tex.Crim.App.1981) (en banc); *Campbell v. State*, 742 S.W.2d 759 (Tex.App.—San Antonio 1987, pet. ref'd).

The appellant's third and fourth points of error are overruled.

■ In his fifth point of error, appellant contends that the trial court erred in overruling his objection to the prosecutor's summation during the punishment phase of the trial. The appellant's complaint revolves around the following statement:

> Ladies and gentlemen, 13 years ago I got out of law school and I went looking for a job and I found one and I've stayed this long because I believe in what I do. I believe in justice—

The trial court overruled appellant's objection that the prosecutor was asserting his own credibility.

Appellant relies on *Elizondo v. State*, 545 S.W.2d 453 (Tex.Crim.App.1976); *Clayton v. State*, 502 S.W.2d 755 (Tex.Crim.App.1973); and *Fowler v. State*, 500 S.W.2d 643 (Tex.Crim.App.1973) in his contention that the prosecutor's remarks mandate a reversal. Appellant argues that the remarks are the "functional equivalent" of informing the jury that the prosecutor believes that the accused is guilty. Appellant further argues that the members of the jury would infer that they should render a verdict of guilty based upon the superior knowledge of the prosecutor. We find *Elizondo, Clayton*, and *Fowler*, however, inapplicable to the instant case.

In *Elizondo*, the prosecutor, *at the guilt-innocence phase*, told the jury: "This case boils down to this, you either believe the agent, you believe my investigator, you believe me, or you believe a heroin seller...." The conviction was reversed because the argument conveyed to the jury an impression that the prosecutor had a basis for his belief in the guilt of the accused which was derived from evidence outside the record. *Elizondo*, 545 S.W.2d at 456.

*Clayton* involved a situation where the prosecutor argued, *at the guilt-innocence phase*: "I tell you one thing: Mr. Wade pays my salary. It's not very much. He couldn't pay me enough to come down here and prosecute a man I didn't know in my heart to be guilty...." 502 S.W.2d at 756. The conviction was reversed because the argument was found to be an improper comment to the effect that the prosecutor would not prosecute an innocent man.

In *Fowler*, the conviction was also reversed because of the comments by the prosecutor that he would not prosecute an innocent man.[3] The court reversed on the grounds that the comments were an impermissible injection of the prosecutor's belief that the accused was guilty of the offense charge, which was based on facts extraneous to the record. 500 S.W.2d at 643–44.

■ The rule of law which these cases stand for is that it is improper for a prosecutor to affect a unique expertise above that of the jury regarding a contested factual matter. The implication of special expertise coupled with an implied appeal to the jury to rely on that expertise in deciding the issue before it is improper. *Johnson v. State*, 698 S.W.2d 154 (Tex.Crim.App.1985) (en banc), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1987). In the instant case, this rule of law has not been violated inasmuch as the prosecutor did not imply to the jury that they should rely on facts known to him but not to them in deciding on the appropriate sentence.

The prosecutor's statement was simply a plea for law enforcement and for a proper sentence. We find that no error was made.

---

**3.** The opinion in *Fowler* does not indicate at which phase of the trial the comments were

shown. *See Solis v. State,* 647 S.W.2d 95 (Tex.App.—San Antonio 1983, no pet.).

Appellant's fifth point of error is overruled.

■ In his sixth point of error, appellant contends that the trial court erred in assessing a fine of ten thousand dollars ($10,000.00) on the grounds that the applicable sentencing statute at that time did not allow the imposition of a fine. We agree.

The jury convicted appellant of murder, a first degree felony. The jury assessed punishment at life imprisonment and a $10,000.00 fine. The first degree felony offense appellant was convicted of occurred on March 20, 1976. At the time the offense was committed, section 12.32 of the Texas Penal Code did not authorize assessment of a fine for conviction of a first degree felony. At the time, section 12.32 provided:

> An individual adjudged guilty of a felony for the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years.

Ch. 426, 1973 Tex.Gen.Laws 1122, 1124, amended by ch. 488, 1979 Tex.Gen.Laws 1058. Section 12.32 of the Texas Penal Code was amended in 1979 to provide for the assessment of a fine in addition to imprisonment. The 1979 amending legislation provides in part:

> Sec. 2. This Act applies only to offenses committed on or after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before this Act's effective date, which law is continued in effect for this purpose as if this Act were not in force. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.
>
> Sec. 3. This Act takes effect September 1, 1979.

Ch. 488, 1979 Tex.Gen.Laws 1058.

The $10,000.00 fine assessed in this case was *not* authorized by the law in effect at the time of commission of the crime of which appellant was convicted. Accordingly, we hereby sustain appellant's sixth point of error and reform the judgment to omit that portion of the punishment assessing a fine. TEX.R.APP.P. 80(b)(2).

The judgment is affirmed as reformed.