Gatlin v. Turner, et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-187-CV

Â Â Â Â Â TRACY EUGENE GATLIN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â SERGEANT CLYDE TURNER, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,322
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Gatlin appeals from an order of the trial court dismissing his pro se informa
pauperis action as to officers Thomas Hudson and Morris A. Gonsalves.
Â Â Â Â Â Â Appellant Gatlin, an inmate of the Texas Department of Criminal Justice, Institutional
Division at the Alfred D. Hughes Unit in Gatesville, sued Correctional Officers Sergeant Clyde
Turner, Thomas Hudson, and Morris A. Gonsalves, alleging that they refused to take action on
his complaint that someone had stolen his headphones; that he was told to return to his cell; that
when he did not do so Sergeant Turner grabbed him and pushed him; and that Officers Hudson
and Gonsalves were present.
Â Â Â Â Â Â Appellant claimed violation of his civil rights, as well as injury by Sergeant Turner, and
sought $20,000 actual damages and $10,000 punitive damages from each of the officers.
Â Â Â Â Â Â The trial court dismissed the case as to Officers Hudson and Gonsalves as "frivolous and
malicious because the claim stated therein has no arguable basis in law or in fact." Kendrick v.
Lynaugh, 801 S.W.2d 153, 155 (Tex. App.âHouston [14th Dist.] 1990); Johnson Peterson, 799
S.W.2d 345, 346 (Tex. App.âHouston [14th Dist.] 1990); Huntsberry v. Lynaugh, 807 S.W.2d
16 (Tex. App.âTyler 1991); Johnson v. Lynaugh, 796 S.W.2d 705 (Tex. 1990).
Â Â Â Â Â Â The trial court did not abuse its discretion in dismissing Appellant's action against officers
Hudson and Gonsalves as frivolous,
Â Â Â Â Â Â All of appellant's contentions are overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Justice Cummings,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 20, 1995
Do not publish 



ement stated:

IT IS FURTHER ORDERED that the
settlement funds as defined in the mediated settlement agreement shall be
immediately disbursed to Plaintiffs.

Â 

The trial courts final order modified
this provision:

IT IS FURTHER ORDERED that the
settlement funds as defined in the mediated settlement agreement shall be []
disbursed to Plaintiffs upon DefendantÂs receipt of the executed release
from Plaintiffs.

Â 

The Tuckers filed a motion to modify.Â 
At a hearing, they argued that the modification Âcontradicted the terms and
provisions of the Mediated Settlement Agreement.Â[2]Â 
The trial court denied the motion.

On appeal, the Tuckers argue that return
of the two checks was the only condition for payment of the settlement funds
and that the trial courtÂs modification imposed a new condition.

Â Â Â Â Â Â Â Â Â Â Â  In Cobb v. Morace, No.
01-07-01036-CV, 2009 Tex. App. LEXIS 5753Â (Tex. App.ÂHouston [1st Dist.] July 23, 2009, no pet. h.) (mem.
op.), Cobb refused to sign
formal settlement documents after reaching an agreement with Morace.Â  See
Cobb, 2009 Tex. App. LEXIS 5753, at *5.Â  Cobb
challenged the final judgmentÂs compliance with the mediated settlement
agreement.Â  Id. at *10.Â  He complained, in part, that Âalthough the MSA required Morace
to begin making quarterly payments to Cobb on May 9, 2007, the judgment did not
require that the quarterly payments begin until Â90 days after the judgmentÂ
became final.ÂÂ  Id. at *12. Â The First Court held, ÂAlthough the trial
court modified the date on which the quarterly payments to Cobb would begin,
this modification did not significantly alter the original terms of the MSA or
undermine the intent of the parties:Â

Pursuant to the MSA, Morace should have
begun sending quarterly payments to Cobb on May 9, 2007, ninety days after the
parties had signed the MSA. Â However, Cobb had refused to execute settlement
documents drafted by Morace. Â As a result of this and other disputes, the trial
court incorporated the MSA into its judgment and required that Morace begin
making payments ninety days after the judgment became final instead of ninety
days after the MSA had been signed. Â However, the trial court did not alter the
amount that Morace owed, the frequency of the payments, or the Âinterest rate
of 5.75% per annumÂ on the payments. 

Â 

Id. at *13-14.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Like Cobb, the trial
court in this case did not alter the amount or the time of the payment itself.Â 
The Tuckers had already returned the two checks to First American and First
American had tendered the settlement funds.Â  The trial courtÂs modification is
consistent with the partiesÂ discussion regarding disbursement of funds and a
deadline for signing of the settlement documents.[3]Â 
We cannot say that the trial courtÂs modification significantly altered the
original terms of the mediated settlement agreement or undermined the intent of
the parties.Â  See Beyers, 199 S.W.3d at 362; see also Cobb,
2009 Tex. App. LEXIS 5753, at *13-14.Â  We
overrule the TuckersÂ sole issue and affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed 

Opinion delivered
and filed October 28, 2009

[CV06]

Â 

Â 

Â Â 

Â Â 

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  The Tuckers also sued
other parties who are not involved in this appeal.





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  Counsel further argued
that the modification was contrary to provisions of the insurance code.Â  That
issue has not been raised on appeal.





[3] Â Â Â Â Â Â Â Â Â Â Â Â Â  The
Tuckers maintain that they made two separate requests at the hearing, the trial
court ruled on their request to allow disbursement of funds, and the trial
court inquired about their request for a deadline.Â  They argue that the trial
court did not overturn its previous ruling and, if it intended to do so, failed
to do so with sufficient clarity to place them on notice.Â  We disagree.Â  First
AmericanÂs counsel made it clear that he had no objection to release of the
funds upon delivery of the settlement documents to him.Â  The trial courtÂs
response indicates acceptance of this request.Â  This exchange was sufficient to
place the Tuckers on notice of the trial courtÂs understanding regarding the
disbursement of funds.Â Â Â Â  Â Â Â Â Â Â Â Â 

Â