King-K v. Love, et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-185-CV

     KELJER KING,
                                                                                              Appellant
     v.

     DR. K. LOVE, M.D., ET AL.,
                                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 95-129-B
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant King appeals from the order of the trial court dismissing his pro se informa
pauperis action as frivolous or malicious.
      Appellant, an inmate of the Texas Department of Criminal Justice, Institutional Division, at
the Boyd Unit in Teague, brought this action pro se against Appellees, Dr. K. Love, M.D., M.
Wright, P.A., Warden Jay T. Morgan, Nurse Brooks, LVN, Nurse J. Neihmas, LVN, Nurse
Jones, RN, (all employees of the TDCJ-ID), alleging that they denied him medical care, took his
cane, said he was a "fake," and that their actions are in retaliation against Appellant for his
bringing a lawsuit against Warden Morgan and others in the U.S. District Court in Lufkin.
      Appellant further sought a protective order against Warden Morgan and Correctional Officers
Sgt. Paul Kilgore and M. Vanzandt to order them to cease retaliating against him. Appellant
sought damages of $345,000.
      The trial court dismissed Appellant's suit pursuant to Texas Civil Practices & Remedies Code,
§ 13.001. Appellant appeals, asserting the trial court abused its discretion in dismissing his action.
      Texas Civil Practices & Remedies Code, § 13.001, authorizes a trial court to dismiss actions
filed under Rule 145, Texas Rules of Civil Procedure (affidavit of inability to pay costs), upon a
finding that the action is frivolous or malicious. The trial court has broad discretion to determine
whether such a suit should be dismissed. Johnson v. Lynaugh, 766 S.W.2d 393 (Tex.
App.—Tyler 1989), aff'd 796 S.W.2d 705 (Tex. 1990); Kendrick v. Lynaugh, 801 S.W.2d 153,
155 (Tex. App.—Houston [14th Dist.] 1990).
      The trial court did not abuse its discretion in dismissing Appellant's action. Appellant's
contentions are overruled.
      The judgment of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 4, 1995
Do not publish



losest police station or hospital was, and did not feel safe. Nancy then let Sherry drive and they
proceeded to an Exxon Station in Liberty, where they sought help. Nancy was taken to a hospital
where her baby was born. She identified Appellant from a police photo spread. Sherry also
identified Appellant as their kidnapper from a photo spread.
      Appellant contends the evidence is insufficient to support the jury’s findings that the
complainant was not voluntarily released in a safe place, and argues that the case should be
reversed and remanded for a new punishment hearing.
      The standard for review in such situation is whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof is so obviously weak as to undermine
confidence in the jury’s determination of the issue, and is clearly wrong and manifestly unjust. 
Johnson v. State, 23 S.W.2d 1, 11 (Tex. Crim. App. 2000). A Court of Appeals is not free to
reweigh the evidence and set aside the finding because the court feels that a different finding is
more reasonable. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Nor may a
Court of Appeals reverse a finding simply because it disagrees with the result. The Court must
defer to the findings of the fact finder and may find the evidence insufficient only when necessary
to prevent manifest injustice. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
      A jury verdict is not manifestly unjust merely because the jury resolved conflicting views of
the evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997).
      The jury found that Appellant did not voluntarily release complainant in a safe place.
      In determining whether the victim was released in a safe place, the following factors may be
considered: 1) the remoteness of the location; 2) the proximity of authorities or persons who could
aid or assist; 3) the time of day; 4) climate conditions; 5) condition of the victim; 6) the character
of the location and surrounding neighborhood; and 7) the victim’s familiarity with the location or
surrounding neighborhood. Lavarry v. State, 936 S.W.2d 690, 696 (Tex. App.—Dallas 1996, pet.
dism’d); Harrell v. State, 882 S.W.2d 61, 65 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).
      Nancy (complainant), testified they turned down a little white rocked road that goes into the
back of a mobile home park. Although there were some houses down the road, it was a wooded
area. Nancy believed she was going to die. She had never been to the place before and was not
familiar with the town of Ames, and had no idea where the closest police station or hospital was
located. It was dark. Sherry gave like testimony.
      Sgt. Saye testified that Ames is a small town and the street where Appellant got out, Cormier
Street, is a high crime area and high in drug traffic. Sgt. Saye is assigned to the town of Ames,
and has worked every kind of case on Cormier Street, from homicide to aggravated robbery to
sexual assault. Cormier Street has the highest crime rate of any area in Liberty County. Although
the Mayor of Ames lives on Cormier Street, one would not be safe if dropped off in front of the
Mayor’s house. The entire town of Ames is known for its high crime rate, and police get multiple
complaints on a daily basis from this area.
      Appellant’s witness, Mary Whitehead, testified that Ames had not been a safe place in the
past, but after the county received a drug grant to slow down traffic in the area, she considers
Cormier Street and the area to be a safe place.
      Appellant’s sister, Barbara Brooks, testified that she is familiar with the area and considers
it a safe place.
      The jury was entitled to believe from all the evidence presented that Appellant did not prove
by a preponderance of the evidence that he released the victim in a safe place.
      The evidence is factually sufficient to support the jury’s finding that the area where the
complainant was released was unsafe.
      Appellant’s point and all contentions made thereunder are overruled.
      The judgment is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 2, 2001
Do not publish