Shiloh-Bryant v. Wren, et al. 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-186-CV

     ROILE SHILOH-BRYANT,
                                                                                              Appellant
     v.

     DAVID WREN, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,324
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Shiloh-Bryant appeals from the order of the trial court dismissing his pro se informa
pauperis action as frivolous and malicious. Appellant, an inmate of the Texas Department of
Criminal Justice, Institutional Division at the Alfred Hughes Unit in Gatesville, brought this action
pro se against David Wren, individually and officially, and the Texas Department of Criminal
Justice, Institutional Division. Wren is a Notary Public and employed by the TDCJ-ID.
      Appellant alleged he presented documents of a trade-secret invention to be notarized


; that
Wren took possession of them and studied them, then refused to notarize, returned the documents
to Appellant, and then walked away. Appellant alleges Wren discovered his trade-secret. He
alleges that he suffered emotional, psychological, and monetary damages as the result of Wren's
actions and seeks recovery of $250,000 in damages.
      The trial court dismissed Appellant's suit pursuant to the Texas Civil Practices & Remedies
Code § 13.001, finding that the cause of action is frivolous and malicious because the claim stated
therein has no arguable basis in law or in fact; and that Appellant had failed to state a cause of
action. Appellant thereafter filed a motion to reinstate his suit asserting that he had stated a cause
of action.
      Appellant appeals on two points of error: 
      Point one: "The District Court erred and abused its discretion when it dismissed Appellant's
cause on the finding that said cause of action is frivolous and malicious because the claim stated
therein has no arguable basis in law or in fact, and there was a failure to state a cause of action."
      Point two: "The District Court abused its discretion when it failed to grant Appellant's
motion to reinstate in violation of Appellant's First and Fourteenth Amendments to the U.S.
Constitution." 
      Texas Civil Practices & Remedies Code § 13.001 authorizes a trial court to dismiss actions
filed under Rule 145, Texas Rules of Civil Procedure (affidavit of inability to pay costs), upon a
finding that the action is frivolous or malicious. In determining whether the action is frivolous
or malicious, the court may consider whether (1) the action's realistic chance of success is slight;
(2) the claim has no arguable basis in law or in fact; or (3) it is clear that the party cannot prove
a set of facts in support of the claim. The trial court has broad discretion to determine whether
such a suit should be dismissed. Johnson v. Lynaugh, 766 S.W.2d 393 (Tex. App.—Tyler 1989),
aff'd 796 S.W.2d 705 (Tex. 1990); Kendrick v. Lynaugh, 801 S.W.2d 153, 155 (Tex.
App.—Houston [14th Dist.] 1990).
      The trial court did not abuse its discretion in dismissing Appellant's action, or in failing to
reinstate it.
      Both points are overruled and the judgment is affirmed
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 11, 1995
Do not publish